UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JONATHAN ALEXANDER-MARTINEZ      :
ROCHA,

     Plaintiff,                      :

V.                               :      Case No. 3:07-CV-1115(RNC)

ERIC H. HOLDER, JR.,[1] et al.,  :

     Defendants.                     :

<u>RULING AND ORDER</u>

The minor plaintiff, a citizen of the United States, seeks declaratory and injunctive relief preventing the removal of his father to Guatemala until the plaintiff reaches the age of majority.  The defendants have moved to dismiss the amended complaint contending that the Court lacks jurisdiction, the amended complaint fails to state a claim on which relief can be granted and the matter is not ripe.  I agree that the plaintiff has failed to state a claim for relief and therefore grant the motion to dismiss.

Before this action was commenced, Immigration Judge Michael W. Straus found that the minor plaintiff's father was ineligible for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1), because he had not been physically present in the United States for a continuous period of at least 10 years and had failed to

---

[1]  Pursuant to Federal Rule of Civil Procedure 25(d), Eric H. Holder, Jr. is substituted for Alberto Gonzales.

establish that his removal "would result in exceptional and
extremely unusual hardship" for his child.  Since this action was
commenced, Judge Straus's decision has been affirmed by the Board
of Immigration Appeals and the Second Circuit Court of Appeals
has denied a petition for review.  See Martinez-Velasquez v.
Holder, No. 08-3520, 2009 WL 454010 (2d Cir. Feb. 24,
2009)(summary order).

In the amended complaint in this case, the minor plaintiff
claims that his father's removal proceeding violated his right to
procedural due process because he was not given an opportunity to
participate, the Immigration Judge lacked jurisdiction because
only a federal district court can adjudicate matters affecting
his interests, and his right to equal protection will be violated
if the removal order is executed because it will result in his
own constructive removal.  These claims are similar to the claims
the plaintiff's father presented to the Court of Appeals in his
petition for review.  There, the plaintiff's father claimed that
Immigration Judge Straus lacked jurisdiction to issue an order of
removal due to the effect it would have on his son.  He also
claimed that execution of a removal order would violate his son's
due process rights by depriving him of constitutionally protected
interests without giving him an opportunity to be heard.  The
Court of Appeals rejected these claims as "wholly without merit."
Martinez-Velasquez, 2009 WL 454010, at *2.

The amended complaint fails to state a claim for relief for
substantially the reasons stated by the Court of Appeals in
denying the petition for review.[2]  The due process claim is
unavailing because there is no allegation that the minor
plaintiff's father was prevented from offering evidence or
argument that would have been presented by the minor plaintiff if
he had been given an opportunity to be heard.  See Encisco-
Cardozo v. INS, 504 F.2d 1252, 1254 (2d Cir. 1974)(denial of
minor child's motion to intervene in parent's deportation
proceeding did not violate due process because child pointed to
no evidence or argument that parent was prevented from
presenting).  The claim that the Immigration Judge lacked
jurisdiction because of the impact removal of the plaintiff's
father would have on the plaintiff is unavailing because, as the
Court of Appeals stated, even assuming the plaintiff's father
will be taking the plaintiff with him to Guatemala, "[t]his state
of affairs [did] not deprive the agency of jurisdiction to order
[the father's] removal."  See Martinez-Velasquez, 2009 WL 454010,
at *2.  The equal protection claim is unavailing because, as the
Court of Appeals observed, all courts that have addressed the
issue have uniformly held that a parent's otherwise valid

---

[2]  The Court of Appeals noted that it was expressing no view
regarding the merits of the minor plaintiff's claims.  See id. at
*2 n.3.  But the Court's decision makes it clear that the claims
in this action are untenable.

deportation does not violate a child's constitutional rights.
See id. (citing Payne-Barahona v. Gonzales, 474 F.3d 1, 2 & n.1
(1st Cir. 2007)(citing cases)).[3]

Accordingly, the amended complaint is hereby dismissed under
Rule 12(b)(6) for failure to state a claim on which relief can be
granted.

So ordered this 26th day of February 2009.


                                    /s/ RNC
                              Robert N. Chatigny
                          United States District Judge

_____

[3]  Judge Eginton recently dismissed a case presenting
allegations, claims and arguments nearly identical to the ones
advanced here.  See Aguiar v. Mukasey, 547 F. Supp. 2d 182 (D.
Conn. 2008), adhered to on reconsideration, 2008 WL 2648990 (D.
Conn. July 7, 2008).